IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANA MARIA BUSTIOS,

     Plaintiff,

v.

EQUIFAX INFORMATION
SERVICES, LLC, *et al.*,

     Defendants.

CIVIL ACTION NO.
1:25-cv-01504-SDG-RDC

## <u>ORDER</u>
## <u>REGARDING SUMMARY JUDGMENT</u>

Under Local Rule 16.3 and the Order Regarding Post-Discovery Conference & Mediation entered contemporaneously, the parties are required to engage in a post-discovery settlement conference and afterward advise the Court on the status of this case. In the event this case does not settle before the deadline for filing summary-judgment motions, the Court instructs the parties as follows:

1. Absent **<u>prior</u>** written permission by the Court, no party may file a brief, whether in support of or in response to a motion, exceeding **<u>twenty-five (25) double-spaced pages</u>** in length, and no party may file a reply brief exceeding **<u>fifteen (15) double-spaced pages</u>**. A party requesting an increase in the page length must file a motion before the due date for the brief. The briefs must comply with the format and type requirements of Local Rule 5.1.

2.      Under Local Rule 56.1(B), the party moving for summary judgment must include with the motion a statement of material facts to which the movant contends there is no genuine issue to be tried. Each fact must be numbered and there must be only one sentence per number. A citation to the record must follow each numbered fact. **No more than fifty (50) numbered facts will be considered except by leave of Court. Also, statements in the form of issues, questions, or legal conclusions (rather than material facts) will not be considered by the Court**.

3.      Under Local Rule 56.1(B), a party opposing summary judgment must include, with the response brief, a separate response to the movant's statement of material facts. The respondent must admit or deny each of the movant's numbered facts. If the respondent denies a numbered fact, a concise factual explanation supported by a citation to the record must be offered. **Responses in the form of issues, questions, or legal conclusions (rather than material facts) will not be considered by the Court**.

4.      Local Rule 56.1(B) also provides that a respondent should include, if applicable, a statement of facts that the party contends is material and disputed. This statement of facts must conform to the requirements set forth in Paragraph 2, *supra*. If the respondent includes a statement of facts, Local Rule 56.1(B) requires the initial movant to file a response to each of respondent's facts. This response must conform to the requirements set forth in Paragraph 3, *supra*.

5.      **Every factual statement made in the parties' briefs should be followed by a citation to the record**. *See Dickson v. Amoco Performance Prods., Inc.*, 845 F. Supp.

2

1565, 1570 (N.D. Ga. 1994) ("It should be the party's responsibility to direct the court's attention separately to each portion of the record which supports each of the party's distinct arguments."). These citations should include specific page or paragraph numbers, where appropriate. Citations in briefs should not be made to the parties' statements of material facts or responses.

6.      The Court prefers that if a party relies on deposition testimony in the statement of material facts or a brief, then the party should attach complete depositions rather than excerpts. The complete deposition allows the Court to consider the context of the deponent's statements at summary judgment.

7.      "All documents and other record materials relied upon by a party moving for or opposing a motion for summary shall be clearly identified for the court." LR 56.1(C), NDGa. Exhibits, deposition excerpts, and/or affidavits appended to the motion or response should be clearly delineated.

IT IS SO **ORDERED** on this 17th day of April 2026.

_____
REGINA D. CANNON
United States Magistrate Judge

3